AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| ERIS CRUZ | ) Case No. 5:19-MJ- 9(ATB) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Nov. 2018 to January 8, 2019__ in the county of __Lewis and elsewhere__ in the __Northern__ District of __New York__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 846 | Conspiracy to possess with intent to distribute and distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

SA Anthony Hart, DEA
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 01/08/2019

_Judge's signature_

City and state: Syracuse, NY

Hon. Andrew T. Baxter, U.S. Magistrate Judge
_Printed name and title_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT*

A.   **Background**

I, Anthony Hart, having been duly sworn, do hereby state and depose as follows:

1.   I am a Special Agent employed by the United States Department of Justice, Drug Enforcement Administration ("DEA"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 United States Code, Section 801, et. sec., and Title 18, United States Code, Section 2516. I have been a DEA Special Agent since November, 1999. I am currently assigned to the DEA Syracuse Resident Office, Syracuse, New York. I have participated in numerous successful investigations into illicit drug distribution networks and have interrogated numerous defendants, informants and others who were sellers, distributors, or users of narcotics and other illicit drugs. Also, I have been involved in the monitoring, intercepting and recording of court-ordered wiretaps, and have participated in numerous search warrants/arrest warrants involving narcotics trafficking. In addition to my above-mentioned experience, I have had the opportunity to speak with and observe other federal and state narcotics officers with regard to the manner in which narcotics are possessed, sold and distributed in the Northern District of New York area. I have participated in numerous searches of residences, businesses and vehicles in which controlled substances, drug paraphernalia, currency and records were discovered. My experience as well as conversations with other law

enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents of the DEA, and other state and local law enforcement agencies, I am familiar with the facts and circumstances of this investigation.

**B.     Purpose of Affidavit**

2.      This affidavit is submitted in support of a criminal complaint charging Eris CRUZ, (DOB: XXXX1979) with violations of Title 21, United States Code, Sections 841(a)(1) and 846, conspiracy to distribute and possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. I have reviewed reports and discussed facts relative to this case with other investigators participating in this investigation and determined their information to be reliable, I allege the facts set forth in this affidavit show there is probable cause to believe Eris CRUZ conspired with others to distribute and possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

**C.     Basis of Information**

3.      As a result of my personal participation in this investigation, I am familiar with most aspects of this investigation. I have not included each and every fact known to me concerning the investigation. I have set forth only the facts that I believe are necessary to establish the necessary foundation for the criminal complaint.

D. **Status of the Case**

4. In November 2018, your affiant assisted in the arrest of an individual who was found to be in possession of a large amount of cocaine and a large amount of heroin. This individual was charged federally with crimes relating to drug trafficking and firearms offenses, and was incarcerated pending trial. Subsequent to the arrest, the arrested individual agreed to cooperate with law enforcement. The individual is now cooperating in the hopes that he/she will receive leniency in the sentence that he/she ultimately receives relating to the pending federal charges, and will be referred to hereinafter as Cooperating Defendant 1 (CD1). I have debriefed CD1 on several occasions, and have found him/her to be credible. I have corroborated the information provided to me by CD1 via other investigative means, and also via recorded phone calls made by CD1 in furtherance of their cooperation. CD1 has multiple prior arrests and convictions for crimes related to the possession of stolen property, assault, and drug trafficking related crimes. A detailed summary of CD1's criminal history will not be provided here, in an effort to maintain the confidentiality of CD1's identity.

5. CD1 informed your affiant that the cocaine and heroin that had been found in CD1's possession on the date of CD1's arrest had come from CD1's source of supply in the Bronx borough of New York City. CD1 identified a photograph of CD1's source of supply. The source will be referred to hereinafter as "the Source."

6. CD1 informed your affiant that the Source would often send the Source's brother, Eris CRUZ, to deliver drugs to CD1. CD1 has met with CRUZ on more than one occasion to obtain cocaine and/or heroin. CD1 would arrange these transactions with the Source, and would then meet with Eris CRUZ to obtain the drugs. CD1 explained to your affiant that Eris CRUZ

knows where CD1 lives, and is aware that CD1 returns to Lewis County to distribute the drugs obtained from Eris CRUZ.

7.  Leading up to January 8, 2019, CD1 made controlled calls to the Source, arranging for a delivery of heroin and cocaine. This meeting was scheduled to take place in Albany, New York, with the Source understanding that CD1 would return to the Lewis County area to further distribute the drugs.

8.  On January 8, 2019, law enforcement set up surveillance at the agreed upon meeting location (Home Depot), that CD1 had previously arranged with the Source. At approximately 10:30 AM on January 8, 2019, law enforcement observed Eris CRUZ arrive in the parking lot of the McDonalds, which was adjacent to the meet location. Cruz was driving a 2007 maroon Land Rover, NY registration JBN-5763. CRUZ squared the Home Depot parking lot as if looking for counter surveillance or someone he was supposed to meet. He was then observed driving back over to McDonald's parking lot, exiting the vehicle, and entering the restaurant with a female companion and an infant.

9.  CRUZ was observed exiting the restaurant at approximately 11:20 AM. As CRUZ was attempting to enter the driver's side of the Land Rover, agents detained him. At 11:23 AM, SA Overend issued CRUZ Miranda warnings as witnessed by NYSP Inv. Chinikailo. CRUZ was asked if he had anything on his person, to which he responded "No." He was asked if he had anything in the vehicle, and replied that there was something behind the seat in the vehicle and pointed towards the rear seat on the driver's side. Law enforcement opened the rear door of the Land Rover, and CRUZ indicated that it was behind the seat and between where the trunk area begins. NY State Police Investigator Ivan Chinikailo folded the seat up and located

4

two packages. The packages were heavily taped in brown in color mailing type tape and further secreted in a black in color plastic shopping bag.

10.     The substances were subsequently field tested using the TRUNARC and TRUDefender by Investigator Chinikailo as witnessed by TFO Evans.  The first package field tested positive for the presence of Heroin and weighed 656 gross grams.  The second package field tested positive for the presence of Cocaine and weighed 826.1 gross grams.  Based on my training and experience, the net weight of the cocaine is at least 500 grams, and the net weight of the heroin is at least 100 grams.

D.    **CONCLUSION**

Based upon the information detailed above and my experience as a Special Agent with the Drug Enforcement Administration, there is probable cause to believe that Eris CRUZ committed violations of Title 21, United States Code, Sections 841(a)(1) and 846: conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, a Schedule I controlled substance, and 500 grams or more of cocaine, a Schedule II controlled substance.

_____
ANTHONY R. HART, Jr.
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before
me this 8th day of January, 2019
at Syracuse, New York

_____
Honorable Andrew T. Baxter
United States Magistrate Judge

5